UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NO.  11-20700-CR-DIMITROULEAS

    Plaintiff,

vs.

DOUGLAS YOUNG,

    Defendant.
_____/

**ORDER RECOMMENDING CONCURRENT SENTENCE**

THIS CAUSE is before the Court on the Defendant's *pro se* December 20, 2020 Motion For Credit For Time served [DE-126], and the Court having considered the motion, the Government's January 19, 2021 Response [DE-128] and Defendant's March 1, 2021 Reply [DE-130] and having reviewed the Court file and Presentence Investigation (PSIR) and being otherwise fully advised in the premises, finds as follows:

On May 7, 2012 Judge Ungaro sentenced Young to ninety-one (91) months in prison [DE-66]. On March 28, 2012, the U.S. Supreme Court had decided *Setser v. U.S.,* 566 U.S. 231, 244 (2012), which gave Judge Ungaro the discretion to run any future state court sentences concurrent or consecutive to the ninety-one (91) month federal sentence.  Judge Ungaro was silent on how the two possible overeign sentences should react to each other. Unfortunately, Judge Ungaro retired on June 1, 2021, and this pending motion was re-assigned to the undersigned on June 9, 2021 [DE-131]. The state court sentences were imposed on May 16, 2013 to run concurrently with Judge Ungaro's sentence.  Had this Court been the second sentencing judge, it is likely that a consecutive or partially consecutive sentence would have been imposed. Otherwise, the defendant got a slap on the wrist for the other different felony crimes. However,

when the Government allows their federal sentence to precede the state sentence before judges with a philosophy similar to the undersign's, they run the risk of that federal Judge honoring the second sentencing judge's discretion. It is pure speculation what Judge Ungaro's reaction to this motion would have been, but the case has been assigned to the undersigned, so the Court will rule.

The defendant is not entitled to double credit for time served *U.S. v. Wilson,* 503 U.S. 329 (1992); *Dawson v. Scott,* 50 F. 3d 884, 887 n.4 (11th Cir. 1995); the decision on granting credit for time served is initially up to the Bureau of Prisons *U.S. v. Alexander,* 609 F. 3d 1250, 1259 (11th Cir. 2010) *cert. denied,* 563 U.S. 905 (2011).

The Court recognizes it has the right to run future state sentences concurrently or consecutively to a federal sentence. However, for comity reasons, the Court has always believed that the better practice is for the second sentencing judge to make that decision; here, that was the state court judge.

Wherefore, it is

ORDERED AND ADJUDGED that the Court dismisses the Motion for Credit for Time Served [DE-126-1], but the Court **recommends** [DE-126-2] that the federal sentence be served concurrently with the three state court sentences. The Clerk shall mail a copy of this order to the defendant.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of June, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record

Adam Hapner, AUSA

Douglas Young #97496-004

Coleman Medium

Inmate Mail

P.O. Box 1032

Coleman, FL. 32521

Bureau of Prisons